| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
§
*versus* § CRIMINAL ACTION NO. 1:17-CR-142
§
KAREN ANN PAYNE (3) §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Karen Ann Payne's ("Payne") Motion for Early Termination of Probation (#85). On August 13, 2018, Payne was sentenced to 36 months' probation after pleading guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343. As of the date of this order, Payne has served approximately 21 months of her 36-month term of probation. Having considered the pending motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

Title 18, United States Code, Section 3564(c) authorizes a district court, after considering the factors set forth in § 3553(a), to "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."[1] 18 U.S.C. § 3564(c).

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

Courts have routinely found that "mere compliance with the conditions of probation" does not warrant early termination of a probation term, as such behavior is required by law. *United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017); *e.g.*, *United States v. Acosta-Triana*, No. CR 01-0817 (ES), 2017 WL 4786559, at *2 (D.N.J. Oct. 23, 2017) (finding general compliance with probation terms "insufficient to terminate probation"); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that full compliance with probation conditions is what is expected of defendants). As the court commented in *United States v. Seebachan*, "even if a defendant's record while on probation is 'apparently unblemished, this alone cannot be sufficient reason to terminate [probation] since, if it were, the exception would swallow the rule.'" No. 12 CRIM. 505 (GBD), 2018 WL 2085654, at *1 (S.D.N.Y. Apr. 24, 2018) (quoting *United States v. Gerritson*, No. 01 Crim. 1081 (JCF), 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004)). Early termination is typically granted only upon a showing of new or changed circumstances not contemplated during sentencing, "such as exceptionally good behavior." *United States v. Smith*, No. 3:10-CR-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014); *e.g.*, *United States v. Williams*, No. CR 12-00253, 2017 WL 1383428, at *1 (W.D. Pa. Apr. 18, 2017) (finding compliance with probation terms neither exceptional nor extraordinary); *United States v. Hilton*, No. CR 13-172 PJH, 2014 WL 3728176, at *3 (N.D. Cal. July 28, 2014) (finding defendant had failed to demonstrate "exceptionally good behavior" or "new or unforseen circumstances" that were not contemplated at the initial imposition of probation sufficient to warrant early termination, although commenting that his recent charitable work was commendable).

In this situation, the court finds early termination of Payne's probation unwarranted. Although Payne points to her compliance with the conditions of her probation and her maintaining steady employment, she identifies no new or exceptional circumstances that justify early termination. *See United States v. Ferrell*, 234 F. Supp. 3d 61, 64 (D.D.C. 2017) (finding full compliance with the terms of probation, good behavior, and hope to take advantage of career advancement opportunities did not warrant early termination). Such relief also would not reflect the serious nature of Payne's offense entailing her serving as the bookkeeper for Midstream Pipeline Services ("MPS") which contracted with Enterprise Products, LP, ("Enterprise") to provide pipeline maintenance services, her submitting fraudulent invoices on behalf of MPS to Enterprise for services that were not performed, the resulting loss to Enterprise of more than $795,000, her facilitating the fraudulent activity by making false entries in QuickBooks to conceal the fraud, cashing checks, preparing false invoices to Enterprise, and carrying out the submission of false invoices to Enterprise, and her profiting from the scheme by making personal purchases with MPS funds for travel, furniture, designer purses, cellular service fees, property taxes, and other miscellaneous retail purchases. Payne's sentence of 36 months' probation is already significantly below the 21 to 27 months of imprisonment authorized by the sentencing guidelines. The court finds no compelling reason for further leniency. *See United States v. Niren*, No. 13-0171, 2016 WL 3958737, at *2 (W.D. Pa. July 22, 2016) (noting when declining to terminate the defendant's term of probation that although he "could have spent two years in prison, he was sentenced to no prison term" and declaring "there is no compelling reason for further leniency"). Given Payne's favorable plea agreement and sentence, as well as the nature and circumstances of the offense, early termination of her probation term is not in the interest of justice. In the court's

view, requiring Payne to complete her agreed-upon sentence of probation reflects the seriousness of her offense and will serve as just punishment, promote respect for the law, and deter future violations of the law.

Consistent with the foregoing analysis, Payne's Motion for Early Termination of Probation (#85) is DENIED.

SIGNED at Beaumont, Texas, this 29th day of May, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE